**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

TONY CURRIE,

          Petitioner/Plaintiff,

v.

WARDEN BRIAN JETT and DR. M. NELSON,

          Respondents/Defendants.

Case No. 14-CV-3160 (DSD/TNL)

**REPORT AND RECOMMENDATION**

Tony Currie, a prisoner at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in August 2014. The claims raised by Currie were not cognizable in a habeas petition, however, because Currie was challenging the conditions of his confinement, not the fact or duration of his confinement. *See Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014). Accordingly, Currie's habeas petition was stricken by this Court, and Currie was given an opportunity to file a civil complaint by no later than January 31, 2015, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). *See* ECF No. 4. That deadline was later extended to March 6, 2015. *See* ECF No. 7.

That deadline has now passed, and Currie has not yet filed a civil complaint. Because Currie's habeas petition was stricken, this matter has been without an operative pleading for over three months. This Court would therefore be justified in dismissing this matter without prejudice under Rule 41(b), in accordance with its prior order. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to

dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

That said, although Currie did not file a civil complaint, he did pay the required initial partial filing fee for filing a civil action, as previously ordered by this Court. *See* ECF Nos. 4 & 5; 28 U.S.C. § 1915(b). The Court construes Currie's payment of the initial partial filing fee and failure to file a separate civil complaint as an intention to proceed with the allegations raised in his habeas petition. Accordingly, the Court will examine the allegations contained in Currie's original habeas petition in order to determine whether that pleading states a claim on which relief may be granted. *See* 28 U.S.C. § 1915A.

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Currie alleges that respondents (now defendants) Warden Brian Jett and Dr. M. Nelson have been inattentive to his medical needs during his detention at FMC-Rochester. Specifically, Currie alleges that he has suffered severe constipation since undergoing a hernia operation, yet has not been able to undergo the necessary tests to confirm the source of this problem. *See* ECF No. 1 at 2. The Court construes Currie's pleading as raising a claim of deliberate indifference to medical needs under the Eighth Amendment pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Two substantial obstacles prevent Currie from being entitled to relief based on the allegations in the pleading. First, there are insufficient factual allegations made specifically against the named defendants to this action (Jett and Nelson). In order to succeed on a deliberate-indifference claim, Currie must allege facts supporting each individual defendant's personal involvement or responsibility for the unconstitutional action. *See Majors v. Baldwin*, 456 Fed. App'x 616, 617 (8th Cir. 2012) (per curiam) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999)). Besides his involvement in the denial of Currie's request for relief at the first stage of the administrative-review process, it is unclear what role, if any, Jett played in the allegedly unconstitutional actions. Nelson's role is still more unclear; the only reference to Nelson in Currie's pleading outside of the caption is that he is the director of FMC-Rochester's medical staff. *See* ECF No. 1 at 2. But Currie does not allege that Nelson himself has done anything that could be construed as deliberately indifferent to his medical needs.

Second, the substantive allegations in Currie's pleading do not amount to a viable claim of deliberate indifference to medical needs against any person, whether named or unnamed as a defendant. "Whether an official was deliberately indifferent entails both an objective and a

subjective analysis." *Scott v. Benson*, 742 F.3d 335, 339-40 (8th Cir. 2014). "Under the objective prong, [a plaintiff] must show that he suffered from an objectively serious medical need." *Id*. at 340. Under the subjective prong, the plaintiff must show that the defendant "actually knew of but deliberately disregarded [the] serious medical need." *Id*. This showing requires a state of mind "akin to criminal recklessness: disregarding a known risk to the inmate's health." *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006).

Even assuming that Currie can show that his condition amounts to an objectively serious medical need, he has not alleged facts showing that anyone at FMC-Rochester acted with the mental state required to show deliberate indifference. Indeed, Currie's pleading and accompanying documents demonstrate that he has been provided with medical care, including physical examinations and medication, for his condition. *See* ECF No. 1 at 3; ECF No. 1-1 at 4-15. The refusal of prison officials to perform the specific tests requested by Currie is not the result of deliberate ignorance on the part of those officials; instead, it has been based on a difference of opinion as to whether those tests are necessary given Currie's condition. A refusal to provide the specific course of treatment demanded by a prisoner does not amount to a deprivation of that prisoner's constitutional rights. *See Scott*, 742 F.3d at 340 ("A 'mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation.'") (quoting *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010)); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) ("[I]nmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment.").

Because Currie has not stated a viable claim for relief against any potential defendant, much less the defendants named in this action, this Court recommends that this action be summarily dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).  Currie will remain responsible for the unpaid portion of the filing fee in this case (as Currie was previously warned by this Court), notwithstanding the dismissal of this action.  *See* ECF No. 4 at 6; 28 U.S.C. § 1915(b)(2)

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Petitioner/Plaintiff Tony Currie's application to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Dated: March  25 , 2015

           *s/ Tony N. Leung*
           Tony N. Leung
           United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 27, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.